IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MAKIM NEWMAN, | ) | Civil No. 26-00170 HG-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO: |
| vs. | ) | (1) DISMISS THE COMLAINT |
| | ) | COMPLAINT WITH LIMITED |
| STATE OF HAWAII; | ) | LEAVE TO AMEND; AND |
| DEPARTMENT OF LAND AND | ) | (2) DENY PLAINTIFF'S |
| NATURAL RESOURCES; and | ) | APPLICATION TO PROCEED IN |
| DAWN N.S. CHANG, | ) | DISTRICT COURT WITHOUT |
| | ) | PREPAYING FEES OR COSTS |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO:  (1) DISMISS
COMPLAINT WITH LIMITED LEAVE TO AMEND;
AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED
IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

On April 2, 2026, Plaintiff Makim Newman ("Plaintiff") filed a Complaint

for a Civil Case ("Complaint").  ECF No. 1.  That same day, Plaintiff filed an

Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP

Application").  ECF No. 2.

The Court elects to decide this matter without a hearing pursuant to Rule

7.1(d) of the Local Rules of Practice for the United States District Court for the

District of Hawaii.  For the reasons set forth below, the Court FINDS AND

RECOMMENDS that the district court DISMISS the Complaint and DENY the

IFP Application.

DISCUSSION

I.     Plaintiff's Complaint

    A.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to a mandatory screening and order the dismissal of any claims it finds frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

To avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).  This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Id.*  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads sufficient content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556).  Factual allegations that permit the court to infer only "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Federal Rule of Civil Procedure 8.  *Id.* at 679.

A complaint must also meet Rule 8's requirements that a complaint include a "short and plain statement of the claim," and that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A district court may dismiss a complaint for failure to comply with Rule 8 where the Complaint fails to provide the defendant fair notice of the wrongs allegedly committed.  *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

"The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  *McHenry*, 84 F.3d at 1179.  Rule 8 does, however, require more than a "the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (quotation marks, brackets, and citation omitted).

3

Moreover, because Plaintiff is appearing pro se, the Court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

B.    Plaintiff's Factual Allegations

The Court has carefully reviewed the Complaint and its attachments. The allegations in Plaintiff's Complaint are brief. As the Court understands the allegations, the gravamen of Plaintiff's lawsuit is that he was wrongfully arrested and evicted from land owned by the State of Hawaii, on which Plaintiff was living at the time.

Plaintiff alleges that, on February 25, 2026, and March 4, 2026, Defendant Department of Land and Natural Resources ("DLNR") "issued a notice of arrest and seizure with eviction of (Plaintiff) Makim Newman, and witnesses." ECF No. 1 at 6. Plaintiff alleges that "Defendant evicted Plaintiff under Criminal

4

Trespassing" without due process.  *Id.*  Plaintiff thus argues that his Fifth and Fourteenth Amendment rights were violated.  *Id.* at 3, 6.

>   C.   The Complaint Fails to State a Claim for Relief

As an initial matter, the Court notes that Plaintiff does not clearly identify which alleged wrongful conduct can be attributed to which defendant.  Plaintiff lists the parties involved as:  Plaintiff, two witnesses, and "(Defendant) – State of Hawaii, DLNR, County of Kauai, Supervisor)."  *Id.* at 6.  Plaintiff also refers to "Defendant" throughout the Complaint, without specifying which defendant.  Thus, it is mostly unclear to which defendant Plaintiff is referring.  The Court did its best to broadly construe Plaintiff's allegations.

>   1.   The State and DLNR

Plaintiff does not allege specific causes of action in the Complaint.  Based on Plaintiff's allegations, the Court broadly construes the Complaint as asserting claims against Defendants pursuant to 42 U.S.C. § 1983.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  Unless the state unequivocally waives sovereign immunity or Congress exercises its power under the Fourteenth Amendment to override the immunity, the state, its agencies, and its

officials (acting in their official capacities) are immune from suit under the Eleventh Amendment. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst*, 465 U.S. at 99. The Eleventh Amendment sovereign immunity applies to § 1983 claims. *See Pahk v. Hawaii*, 109 F. Supp. 2d 1262, 1267–68 (D. Haw. 2000) (dismissing the plaintiff's § 1983 claims against the State of Hawaii as barred by the Eleventh Amendment).

To the extent Plaintiff asserts § 1983 claims against the State and DLNR, the Court finds that such claims are barred by the Eleventh Amendment. Because Plaintiff cannot cure these claims by amending his pleading, the Court recommends that the district court dismiss Plaintiff's § 1983 claims against the State and DLNR with prejudice.

### 2. The County

Local governmental bodies such as counties and municipalities are considered "persons" under § 1983, and are thus subject to § 1983 liability. *Monell v. Dep't of Social Servs. of N.Y.C.*, 436 U.S. 658, 690–91 (1978). Municipalities, though, cannot be held liable under a theory of respondeat superior. *See id.* at 694. "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694; *see also Hyun Ju Park v. City & Cnty. of Honolulu*, 292 F. Supp. 3d 1080, 1090 n.3 (D. Haw. 2018) ("On a municipal liability claim, the City policy

6

itself must cause the constitutional deprivation." (internal quotation marks and citation omitted)).  To establish a §1983 claim for municipal liability, the plaintiff must show:  "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation."  *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (internal quotation marks and citation omitted).

Although Plaintiff names the County as a defendant, he does not specifically allege any facts showing how the County was involved in Plaintiff's arrest and eviction from state land.  In addition, Plaintiff does not allege that the County has a policy that violated his constitutional rights.  Stated differently, Plaintiff does not state a plausible claim for relief against the County based on a violation of his constitutional rights.  The Court thus recommends that the district court dismiss Plaintiff's § 1983 claim against the County.  Because it is possible for Plaintiff to cure the deficiencies identified herein by amendment, the Court recommends that the district court grant Plaintiff leave to amend this claim.

   3. Defendant Chang

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a

person acting under the color of state law." *Aquino v. Hawaii*, CIV. NO. 18-00037 SOM-RLP, 2018 WL 832838, at *2 (D. Haw. Feb. 12, 2018) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "Additionally, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant." *Jossy v. Hawaii*, CIV. NO. 19-00055 LEK-RT, 2019 WL 2292074, at *6 (D. Haw. May 29, 2019) (citing *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976)). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Id.* (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

As with the County, Plaintiff does not allege any facts showing that Defendant Chang was directly involved with Plaintiff's arrest and eviction. Nor does Plaintiff allege facts indicating that Defendant Chang otherwise violated Plaintiff's constitutional rights.

It appears that Defendant Chang's involvement is limited to signing a "NOTICE TO VACATE AND REMOVE ENCROACHMENTS" ("Notice") in her capacity as DLNR Chairperson. ECF No. 1 at 12. The Notice is not addressed to Plaintiff or anyone in particular. *Id.* The Notice warns individuals that the

8

subject land is owned by the State and that any persons occupying the subject land after March 4, 2026, will be subject to arrest and prosecution. *Id.*  Plaintiff does not allege that Defendant Chang was present when Plaintiff was arrested and evicted.

Based on the foregoing, the Court finds that Plaintiff fails to state a claim for relief against Defendant Chang based on a violation of his constitutional rights. The Court thus recommends that the district court dismiss Plaintiff's § 1983 claim against Defendant Chang.  Because it is possible for Plaintiff to cure the deficiencies identified herein by amendment, the Court recommends that the district court grant Plaintiff leave to amend this claim.

D.    Limited Leave to File a First Amended Complaint

The Court recommends that the district court grant Plaintiff leave to file an amended complaint to cure the deficiencies noted above.  As a general rule, an amended complaint supersedes the original complaint. *See CDK Glob. LLC v. Brnovich*, 16 F.4th 1266, 1274 (9th Cir. 2021) (citation omitted).  Thus, Plaintiff must include all relevant allegations in his amended pleading.  Plaintiff's amended complaint cannot refer to, or incorporate by reference, the original Complaint or its attachments.  Plaintiff may not, however, include § 1983 claims against the State or DLNR because those claims are barred under the Eleventh Amendment, as set forth above.

Any amended complaint must comply with Rule 8. If Plaintiff chooses to file an amended complaint, he must write short, plain statements telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis for this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff should repeat this process for each person or entity that he names as a defendant, by name or as a doe defendant.

Plaintiff should also list separate causes of action for alleged violations of his federal rights. Each cause of action should be supported by factual allegations, and not merely legal conclusions or a recitation of the legal elements for that particular claim. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the cause of action against that defendant will be dismissed for failure to state a claim. In addition, Plaintiff should indicate whether a person is named in their individual or official capacity.

II.    IFP Application

In light of the Court's finding that the Complaint is deficient, the Court recommends that the district court deny Plaintiff's IFP Application. The Court

10

also recommends, however that the district court grant Plaintiff leave to file another application if he chooses to file an amended complaint.

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Complaint (ECF No. 1) with limited leave to amend as set forth above. The Court also RECOMMENDS that the district court DENY Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs (ECF No. 2).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 29, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Newman v. State of Haw., et al.*, Civil No. 26-00170 HG-KJM; Findings and Recommendation to: (1) Dismiss Complaint with Limited Leave to Amend; and (2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.

11